# EXHIBIT-A

## INDEX OF EXHIBITS

1.    Copy of the Court Docket Sheet

2.    Plaintiff's Original Petition

3.    Citation issued for service to City of San Benito, Texas

4.    Affidavit of Service on City of San Benito, Texas

5.    Defendant's Original Answer

6.    Plaintiff's First Amended Petition

# 107TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 2017-DCL-02968

**CERTIFIED COPY**

Ricardo Sauceda
vs.
City of San Benito, Texas, Hector Lopez

§
§
§
§

Location: **107th District Court**
Judicial Officer: **Euresti, Benjamin, Jr.**
Filed on: **05/05/2017**

---

### CASE INFORMATION

Case Type: **Civil-Other Civil**

Case Flags: **Jury Fee Paid**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number      2017-DCL-02968
Court      107th District Court
Date Assigned      05/05/2017
Judicial Officer      Euresti, Benjamin, Jr.

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Sauceda, Ricardo** | **KLEIN, KATIE PEARSON** *Retained* (956)687-8700(W) |
| **Defendant** | **City of San Benito, Texas** | **AGUILAR, J. ARNOLD** *Retained* (956)504-1100(W) |
|  | **Lopez, Hector** |  |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/05/2017 | Original Petition (OCA) *Plaintiff's Original Petition* | |
| 05/05/2017 | Efiled Original Petition Document *Plaintiff's Original Petition* | |
| 05/05/2017 | Jury Fee Paid (OCA) Party: Defendant City of San Benito, Texas *Plaintiff Paid Jury Fee* | |
| 05/10/2017 | Citation Issued Party: Defendant City of San Benito, Texas *Citation Emailed to office@daleklein.com As Requested. AM* | |
| 05/10/2017 | **Citation** City of San Benito, Texas      served 05/16/2017 | |
| 05/19/2017 | Service Return Party: Defendant City of San Benito, Texas *Affidavit of Service* | |
| 06/01/2017 | Original Answer Party: Attorney AGUILAR, J. ARNOLD; Defendant City of San Benito, Texas | |

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUN 23 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

**EXHIBIT A-1**

**107TH DISTRICT COURT**
# CASE SUMMARY
### CASE NO. 2017-DCL-02968

*Defendant's Original Answer*

CERTIFIED COPY

| | |
|---|---|
| 06/20/2017 | Amended Motion |
| | Party: Attorney KLEIN, KATIE PEARSON; Plaintiff Sauceda, Ricardo |
| | *Plaintiff's First Amended Petition* |
| 06/20/2017 | Cover Letter - Request |
| | *to issue citation* |
| 06/21/2017 | Citation Issued |
| | Party: Plaintiff Sauceda, Ricardo |
| | Party 2: Defendant Lopez, Hector |
| 06/21/2017 | **Citation** |
| | Lopez, Hector                     unserved |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Defendant** City of San Benito, Texas | |
| | Total Charges | 2.00 |
| | Total Payments and Credits | 2.00 |
| | **Balance Due as of 6/23/2017** | **0.00** |
| | **Plaintiff** Sauceda, Ricardo | |
| | Total Charges | 346.00 |
| | Total Payments and Credits | 346.00 |
| | **Balance Due as of 6/23/2017** | **0.00** |



A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUN 23 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

PAGE 2 OF 2                                    *Printed on 06/23/2017 at 4:02 PM*

FILED
2017-DCL-02968
5/5/2017 3:56:42 PM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
16873003

2017-DCL-02968

CAUSE NO. _____

| | | |
|---|---|---|
| Ricardo Sauceda, Plaintiff. | § § § | In the ____ Cameron County ‑ 107th District Court |
| vs. | § § | Judicial District Court of |
| City of San Benito, Texas, Defendant. | § § § | Cameron County, Texas |

## Plaintiff's Original Petition

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **RICARDO SAUCEDA**, Plaintiff, complaining of **CITY OF SAN BENITO, TEXAS**, Defendant, and for cause would show the Court the following:

### I. Discovery Control Plan

Discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### II. Parties

Plaintiff **RICARDO SAUCEDA** ("SAUCEDA") is an individual who resides in Cameron County, Texas. The last three digits of his Social Security number are 014. The last three digits of his Texas Driver's License number are 435.

Defendant **CITY OF SAN BENITO, TEXAS** ("SAN BENITO") is a municipality located in Cameron County, Texas and can be served with process by serving its mayor, Celeste Sanchez, or its city manager, Manuel De La Rosa, at 410 North Sam Houston Blvd, San Benito, Texas 78566 or wherever the mayor or city manager may be found.

EXHIBIT A-2

### III. Jurisdiction and Venue

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff **RICARDO SAUCEDA** seeks monetary relief over $200,000 but not more than $1,000,000. *See* Tex. R. Civ. P. 47(c)(4). **SAUCEDA** further demands judgment for all other relief to which he deems himself entitled. The damages sought are within the jurisdiction of the Court.

Venue is proper in Cameron County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2015).

### IV. General Facts and Allegations

On or about June 20, 2015, Plaintiff **RICARDO SAUCEDA** was in his home at 920 South Bowie St., San Benito, Texas.

In the midst of having dinner, **SAUCEDA** went outside into the yard on his property due to loud noises coming from his neighbor's home across the street. While out in his yard, the neighbor in question began shouting profanity and making obscene gestures toward **SAUCEDA** without provocation. Shortly thereafter, **SAUCEDA** went back inside his home.

At some point after confronting **SAUCEDA**, the neighbor contacted the police and made exaggerated and erroneous allegations regarding **SAUCEDA**'s behavior.

At around 6:45 p.m., Officer Hector Lopez, a police officer for Defendant **SAN BENITO**, arrived at the neighbor's home in response to the call and proceeded to converse with him.

While outside, Officer Ramiro Hector Lopez approached **SAUCEDA** and began demanding his name without explaining why. Wishing to avoid any potential conflict and having

been provided no reasoning by Officer Hector Lopez, Plaintiff **SAUCEDA** turned away from the officer and began walking back towards his home. **SAUCEDA** has been on disability for a chronic back condition since 2007, and posed no threat to Officer Hector Lopez.

It was at this point that the officer entered **SAUCEDA**'s property and proceeded after Plaintiff. Upon reaching Plaintiff, Officer Hector Lopez grabbed him by the wrist, pulled him around so that Plaintiff was facing him, and in the process struck **SAUCEDA** on the head with his baton. This rendered **SAUCEDA** unconscious and caused him to fall to the ground.

Plaintiff **SAUCEDA** was wrongfully arrested by Officer Hector Lopez and spent the ensuing two days shuttling between the hospital and jail. Ultimately, **SAUCEDA** was released on Monday, June 22, 2015.

Within a week of release, **SAUCEDA** went to his family doctor to further assess the injuries he suffered as a result of Officer Hector Lopez's extreme violence. His doctor sent him to his specialist.

As a result of Officer Hector Lopez's actions, Plaintiff **SAUCEDA** required biweekly therapy for approximately four months in order to rehabilitate his back.

### V. Claims

Under Rule 48 of the Texas Rules of Civil Procedure, the following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

**A. Negligence Under the Texas Tort Claim Act.**

On or about June 20, 2015, Defendant **SAN BENITO** was a municipality in Cameron County, Texas. **SAN BENITO** is a governmental unit as the term is defined under Section

101.001(3) of the Civil Practice & Remedies Code located in the chapter known as the Texas Tort Claims Act ("TTCA").

TTCA provides for a waiver of sovereign immunity at Section 101.021(2) of the Civil Practice & Remedies Code. Section 101.021(2) provides that a governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. **SAN BENITO**, by and through the negligence of its employee Officer Hector Lopez, proximately caused the injury suffered by Plaintiff **SAUCEDA** on or about June 20, 2015. If **SAN BENITO** was a private party, it would be liable to Plaintiff under Texas law.

The negligence demonstrated by Officer Hector Lopez in the use of his police baton exposed **SAN BENITO** to the consequences of the officer's actions. After unlawfully entering **SAUCEDA**'s property, Officer Hector Lopez wound up striking Plaintiff with the baton in the process of attempting to engage him, rendering **SAUCEDA** unconscious and inflicting serious injuries upon him. His negligent use of police equipment - personal property entrusted to him by the State - directly caused these injuries.

Having demonstrated the negligent use of real property by Officer Hector Lopez, an employee of Defendant **SAN BENITO**, caused serious injury to Plaintiff **SAUCEDA**, Plaintiff seeks actual damages, pre and post-judgment interest, costs of court, and any other remedies deemed appropriate by this Court.

**B.    Reservation of Rights.**

Plaintiff **SAUCEDA** reserves the right to bring additional claim(s) or join additional parties as he deems appropriate and/or is warranted by information obtained through discovery and/or investigation.

## VI. Jury Demand

Plaintiff **RICARDO SAUCEDA** demands a trial by jury and hereby tenders the appropriate fee.

## VII. Requests for Disclosure

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## VIII. Requests for Production of Documents

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, you are requested to produce and permit Plaintiff, Plaintiff's attorney, or anyone acting on Plaintiff's behalf, to inspect, sample, test, photograph and/or copy the herein designated documents or tangible things, within 50 days of service of this request, as follows:

1. The complete personnel file for **CITY OF SAN BENITO, TEXAS** Police Officer Hector Lopez;

2. Any document, record and/or computer generated record related to Plaintiff created in June 2015;

3. The complete personnel files for all police officers who came into contact with Plaintiff on June 20, 2015, including but not limited to pre-employment background investigations, and psychological assessments along with internal affairs investigations of allegations of misconduct against them made by your agency or entity prior to this incident in question;

4. Any and all documents relating to incidences within the last 10 years which involved your police officers purportedly using excessive force, violating another's civil rights and/or abusing their authority;

5. The offense report(s) and any supplemental offense report(s) for the incident of June 20, 2015, made the basis of this lawsuit;

6. Any and all documents that you made or obtained from any person while investigating the incident made the basis of this suit;

7. A copy of the City Charter and/or Home Rule Charter of Defendant **CITY OF SAN BENITO, TEXAS**;

8. A copy of the police log and/or audio recording(s) of the radio calls from your police officer(s) who arrested Plaintiff to your dispatcher on June 20, 2015;

9. A copy of your dispatcher's log for June 20-22, 2015;

10. A copy of any and all videotape(s) and/or photograph(s) of Plaintiff;

11. A copy of any and all booking card(s) or supplemental booking card(s) related to Plaintiff for the time period of June 20-22, 2015;

12. A copy of any and all documents related to cell checks performed at the Defendant **CITY OF SAN BENITO, TEXAS** lock up for the period of June 20-22, 2015;

13. A copy of any and all documents reflecting that Plaintiff's cell was checked, if at all, for the time period of June 20-22, 2015;

14. Any and all photographs, movies, videotapes, and/or other visual representations which relate to the matters made the basis of this lawsuit;

15. The entire police investigation file related to the matters made the basis of this lawsuit;

16. Any and all police manuals and/or police procedure memos in effect in June of 2015;

17. Any and all documents concerning procedures for handling and caring for detainees of the **CITY OF SAN BENITO, TEXAS** lock up in effect in June 2015;

18.  Any and all medical records and/or other documents relating to Plaintiff's medical condition;

19.  Tape recordings and/or transcripts from any and all calls pertaining to Plaintiff made during the time period of June 20-22, 2015;

20.  Any and all records, notes, memos and/or other documents in your possession, custody and/or control relating to Plaintiff's arrest and criminal history;

21.  Any and all offense reports in your possession related to Plaintiff;

22.  A copy of the General Written Orders book in effect in June 2015;

23.  A copy of the jail log for June 20-22, 2015;

24.  A copy of your personnel manual in effect in June 2015;

25.  A copy of the dispatch logs for June 20-22, 2015; and

26.  Any and all documents concerning any and all internal investigations of the arrest and incarceration of Plaintiff.

## IX. Prayer

**WEHREFORE, PREMISES CONSIDERED,** Plaintiff **RICARDO SAUCEDA**

respectfully prays that upon trial of this suit, he recover from Defendant **SAN BENITO** actual

damages, pre-judgment interest as provided by law, post-judgment interest as provided by law,

costs of court, and such other and further relief against Defendant as he may be justly entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
Telephone No. 956.687.8700
Facsimile No. 956.687.2416
office@daleklein.com

/s/ William D. Mount, Jr.
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
**Attorneys for Plaintiff Ricardo Sauceda**

05-16-17A09:12 RCVD

**CITATION – PERSONAL SERVICE – TRCP 99**

# THE STATE OF TEXAS

## 2017-DCL-02968-A

| | | |
|---|---|---|
| **Ricardo Sauceda** | § | IN THE 107TH DISTRICT COURT |
| VS | § | OF |
| **City of San Benito, Texas** | § | CAMERON COUNTY, TEXAS |

TO   **City of San Benito, Texas**
**By serving its mayor Celeste Sanchez or Its**
**City Manager Manuel De La Rosa at**
**410 North Sam Houston Blvd**
**San Benito TX 78566, or wherever the mayor or city manager may be found, GREETING:**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 107th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **May 05, 2017**, in the above entitled cause.

The file number of said suit being
**2017-DCL-02968-A**

The style of the case is:
**Ricardo Sauceda**
**vs.**
**City of San Benito, Texas**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 10th day of May, 2017.

ATTORNEY:
**KATIE PEARSON KLEIN**
**11561900**
**(956)687-8700**
**1100 E Jasmine Ave Ste 202**
**Mcallen TX 78501**

Eric Garza
District Clerk
Cameron County, Texas

By: _____
**Adriana Munoz, Deputy Clerk**

Delivered 5/16/17 @ 9:09
Served by: _____

PDF created with pdfFactory Pro trial version www.pdffactory.com

EXHIBIT A-3

| 2017-DCL-02968-A<br>107th District Court | Ricardo Sauceda<br>vs.<br>City of San Benito, Texas |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

### NAME/ADDRESS FOR SERVICE

_____

_____

_____

_____

_____Officer

_____County, TX

By:_____Deputy

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____ o'clock ____ m and _____ County, Texas, by delivering to each of the within named defendants in person, a true copy of this _____ with the date of delivery endorsed thereon, together with the accompanying copy of the _____ at the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:_____

and the cause or failure to execute this process is:_____

and the information received as to the whereabouts of said defendant(s) being:_____

_____

FEES:
SERVING PETITION/COPY $_____
TOTAL:                $_____

_____Officer

_____County, TX

By:_____Deputy

_____
AFFIANT

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____, 20____.

_____
ID Number/Expiration of Certification

_____
Declarant/Authorized Process Server

PDF created with pdfFactory Pro trial version www.pdffactory.com

FILED
2017-DCL-02968
5/19/2017 9:17:21 AM
Eric Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
17130737

CERTIFIED COPY

## AFFIDAVIT OF SERVICE

**State of Texas**          **County of Cameron**          **107th District Court**

Case Number: 2017-DCL-02968

Plaintiff:
**RICARDO SAUCEDA**

vs.

Defendant:
**CITY OF SAN BENITO, TEXAS**

For:
Katie Pearson Klein
Dale & Klein LLP
1100 E Jasmine Ave Ste. 202
McAllen, TX 78501

**RICARDO V. CITY OF SAN.**

Received by Allen Civil Process on the 12th day of May, 2017 at 10:28 am to be served on **City Of San Benito, Texas By Serving Its Mayor Celeste Sanchez Or Its City Manager Manuel De La Rosa, 410 North Sam Houston Blvd, San Benito, Cameron County, TX 78586.**

I, Maria Del Jesus Gasca, being duly sworn, depose and say that on the 16th day of May, 2017 at 9:09 am, I:

EXECUTED upon **City Of San Benito, Texas By Serving Its Mayor Celeste Sanchez Or Its City Manager Manuel a GOVERNMENT AGENCY** by delivering a true copy of the **.Citation and Plaintiffs Original Petition** with the date of service endorsed thereon by me, to: **Manuel De La Rosa** in their offical capacity as **City Manager** for City Of San Benito, Texas By Serving Its Mayor Celeste Sanchez Or Its City Manager Manuel, at 410 North Sam Houston Blvd, San Benito, Cameron County, TX 78586 and informed said person of the contents therein, in compliance with State Statutes.

**Description of Person Served:** Age: 40s, Sex: M, Race/Skin Color: Hispanic, Height: 5'4, Weight: 160, Hair: Black, Glasses: Y

I am over eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am certified to serve civil process. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true and correct. I am familiar with the Rules of Civil Procedure. I have never been convicted of a Felony or Misdemeanor involving Moral Turpitude.

NOTARY PUBLIC IN AND FOR
THE STATE OF _Texas_

Subscribed and Sworn to before me on the _17_ day of _May_, _2017_ by the affiant who is personally known to me.

NOTARY PUBLIC

**Maria Del Jesus Gasca**
SCH-11817  Exp:1/31/2019

**Allen Civil Process**
**400 Mann Street Suite 902**
**Corpus Christi, TX 78401**
**(361) 884-1657**

Our Job Serial Number: ALN-2017002490
Ref: RICARDO V. CITY OF SAN.

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1i

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUN 23 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Deputy #4

EXHIBIT A-4

FILED
2017-DCL-02968
6/1/2017 4:09:55 PM
Eric Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
17372817

**CAUSE NO. 2017-DCL-02968-A**

| | | |
|---|---|---|
| RICARDO SAUCEDA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| CITY OF SAN BENITO, TEXAS | § | 107TH JUDICIAL DISTRICT |

_____

# DEFENDANT'S ORIGINAL ANSWER
_____

TO THE HONORABLE JUDGE OF SAID COURT;

Defendant **CITY OF SAN BENITO, TEXAS** files this Original Answer to Plaintiff's Original Petition.

## I.

## SPECIAL EXCEPTIONS

(A)    Defendant **CITY OF SAN BENITO, TEXAS** specially excepts to the entirety of Plaintiff's Original Petition, on the basis that Plaintiff has failed to identify how he may maintain an action against Defendant, notwithstanding its immunity from liability for all allegations raised.

(B)    Defendant **CITY OF SAN BENITO, TEXAS**, specially excepts to ¶¶ IV(6), V(A)(2) & (3) and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges the liability of Defendant arising out of the negligent use of a police baton by Officer Hector Lopez, on the basis that Plaintiff has not identified any facts to establish the baton was used in a *negligent* manner, rather than in the manner in which it was *intended* to be used,

EXHIBIT A-5

necessary to recover against the City under the Tort Claims Act. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003); *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869-70 (Tex. 2001).

(C)    Defendant **CITY OF SAN BENITO, TEXAS**, specially excepts to ¶ IX (Prayer) and the entirety of Plaintiffs' Original Petition on the basis that Plaintiff has failed to identify or specify the amount of damages sought for each cause of action alleged, or the total maximum amount of damages sought, pursuant to Texas Rules of Civil Procedure 47 and 90.

Defendant **CITY OF SAN BENITO, TEXAS**, would therefore request that upon notice and hearing this Court grant the above special exceptions and order Plaintiff to replead in conformity with the Special Exceptions listed, and if Plaintiff is unable to so replead that this Court dismiss each of such claims or causes of action against Defendant on which he is unable to do so.

## II.

### GENERAL DENIAL

Defendant **CITY OF SAN BENITO, TEXAS** denies each and every allegation contained in Plaintiff's Original Petition, all and singular, and demands strict proof thereof at the trial of this cause.

## III.

## <u>SOVEREIGN IMMUNITY</u>

Defendant **CITY OF SAN BENITO, TEXAS** hereby provides Plaintiff notice of its entitlement to official or qualified immunity for all claims raised by Plaintiff, including immunity from suit and/or liability.  Specifically,

(1)     Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF SAN BENITO, TEXAS**, because of the Doctrine of Sovereign Immunity;

(2)     Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF SAN BENITO, TEXAS** because the Texas Tort Claims Act does not allow for Plaintiff's claims and Defendant's sovereign immunity has not been waived; and

(3)     In the alternative, should it be determined that the Texas Tort Claims Act or any other applicable law allows Plaintiff's claims to be asserted against Defendant, then the **CITY OF SAN BENITO, TEXAS**, would hereby invoke the statutory limit on damages contained in that Act or Code, including but not limited to the statutory cap on damages and the bar against punitive or exemplary damages, pursuant to Texas Civil Practice & Remedies Code §§ 101.023 & 101.024.

## III.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant **CITY OF SAN BENITO, TEXAS**, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need there be, further alleges by way of affirmative defenses the following:

(1)     Any loss or damages sustained by Plaintiff at the time and place, and on the occasion, mentioned in Plaintiff's Original Petition were caused in whole or in part, or contributed to, by the actions, negligence or fault of Plaintiff Ricardo Sauceda, and not by any actions, negligence, fault or want of care on the part of Defendant or any of its employees, officials, agents or representatives, and Defendant invokes the Doctrine of Comparative Responsibility; and,

VLD\Answers\684-17 D's Original Answer                                                                                   3

(2)    In addition, or in the alternative, Defendant would show that Plaintiff's alleged injuries and damages were caused, in whole or in part, or contributed to, by the negligence, fault or want of care of parties, persons, or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not under the law responsible.

Without waiving the foregoing General Denial, but still insisting upon the same, for further answer if any be necessary, and as separate defenses, Defendant **CITY OF SAN BENITO, TEXAS** reserves the right to file any and all cross-actions, third-party actions, counterclaims, motions, verified denials, designations of responsible third parties and discovery as it may deem proper.

## IV.

## <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant **CITY OF SAN BENITO, TEXAS** hereby requests a jury trial in the above-styled and numbered cause.

Defendant **CITY OF SAN BENITO, TEXAS** prays that upon final trial and hearing hereof that it have judgment on its behalf, together with costs, that Plaintiff go hence without day, and that Defendant have such other and further relief, both special and general, at law and in equity, to which it may show itself to be justly entitled.

Signed on this the 1st day of June, 2017.

<div style="margin-left:40%">

Respectfully submitted,

J. Arnold Aguilar
State Bar No. 00936270
email:  arnold@aguilarzabartellc.com

</div>

AGUILAR✦ZABARTE, LLC
990 Marine Drive
Brownsville, Texas  78520
Telephone     :  (956) 504-1100
Facsimile     :  (956) 504-1408
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S ORIGINAL ANSWER** will on this the 1st day of  June 2017, be automatically accomplished through the Notice of Electronic Filing and/or via certified mail, return receipt requested upon the following:

Katie Pearson Klein
William D. Mount, Jr.
DALE & KLEIN, LLP
1100 E. Jasmine, Suite 292
McAllen, TX  78501

J. Arnold Aguilar

FILED
2017-DCL-02968
6/20/2017 4:37 PM
Eric Garza
Cameron County District Clerk
By Carolina Ostos Deputy Clerk
17735368

**CAUSE NO. 2017–DCL-02968-A**

| | | |
|---|---|---|
| Ricardo Sauceda, | § | In the 107th |
| Plaintiff. | § | |
| | § | |
| vs. | § | Judicial District Court of |
| | § | |
| City of San Benito, Texas, and Hector Lopez, | § | |
| individually and in his official capacity as a | § | |
| Peace Officer for the City of San Benito, Texas | § | |
| Police Department | § | |
| Defendant. | § | Cameron County, Texas |

**Plaintiff's First Amended Petition**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **RICARDO SAUCEDA**, Plaintiff, complaining of **CITY OF SAN BENITO, TEXAS**, and **HECTOR LOPEZ**, individually and in his official capacity as a Peace Officer for the City of San Benito, Texas Department, Defendants, and for cause would show the Court the following:

**I. Discovery Control Plan**

Discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**II. Parties**

Plaintiff **RICARDO SAUCEDA ("SAUCEDA")** is an individual who resides in Cameron County, Texas. The last three digits of his Social Security number are 014. The last three digits of his Texas Driver's License number are 435.

Defendant **CITY OF SAN BENITO, TEXAS ("SAN BENITO")** is a municipality located in Cameron County, Texas which has made an appearance herein.

H:\P\17-5391\Pleadings\6.19.17 1st Amended Petition.wpd

Page 1 of  11

EXHIBIT A-6

Defendant **HECTOR LOPEZ**, individually and in his official capacity as a Peace Officer for the **CITY OF SAN BENITO, TEXAS** Police Department is a person who may be served with process at police headquarters located at 601 N. Oscar Williams Road, San Benito, Texas 78586 or wherever he may be found.

### III. Jurisdiction and Venue

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff **RICARDO SAUCEDA** seeks monetary relief over $200,000 but not more than $1,000,000. *See* Tex. R. Civ. P. 47(c)(4). **SAUCEDA** further demands judgment for all other relief to which he deems himself entitled. The damages sought are within the jurisdiction of the Court.

Venue is proper in Cameron County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2015).

### IV. General Facts and Allegations

On or about June 20, 2015, Plaintiff **RICARDO SAUCEDA** was in his home at 920 South Bowie St., San Benito, Texas.

In the midst of having dinner, **SAUCEDA** went outside into the yard on his property due to loud noises coming from his neighbor's home across the street. While out in his yard, the neighbor in question began shouting profanity and making obscene gestures toward **SAUCEDA** without provocation. Shortly thereafter, **SAUCEDA** went back inside his home.

At some point after confronting **SAUCEDA**, the neighbor contacted the police and made exaggerated and erroneous allegations regarding **SAUCEDA**'s behavior.

H:\P\17-5391\Pleadings\6.19.17 1st Amended Petition.wpd                    Page 2 of  11

At around 6:45 p.m., Officer **HECTOR LOPEZ**, a police officer for Defendant **SAN BENITO**, arrived at the neighbor's home in response to the call and proceeded to converse with him. **LOPEZ** claimed to have authority for his actions because he was an officer of the law.

While outside, Officer **HECTOR LOPEZ** approached **SAUCEDA** and began demanding his name without explaining why. Wishing to avoid any potential conflict and having been provided no reasoning by Officer **HECTOR LOPEZ**, Plaintiff **SAUCEDA** turned away from the officer and began walking back towards his home. **SAUCEDA** has been on disability for a chronic back condition since 2007, and posed no threat to Officer **HECTOR LOPEZ**.

It was at this point that the officer entered **SAUCEDA**'s property without permission and proceeded after Plaintiff. Upon reaching Plaintiff, Officer **HECTOR LOPEZ** grabbed him by the wrist, pulled him around so that Plaintiff was facing him, and in the process struck **SAUCEDA** on the head with his baton. This rendered **SAUCEDA** unconscious and caused him to fall to the ground.

Plaintiff **SAUCEDA** was wrongfully arrested by Officer **HECTOR LOPEZ** and spent the ensuing two days shuttling between the hospital and jail. Ultimately, **SAUCEDA** was released on Monday, June 22, 2015.

Within a week of release, **SAUCEDA** went to his family doctor to further assess the injuries he suffered as a result of Officer **HECTOR LOPEZ**'s extreme violence. His doctor sent him to his specialist.

As a result of Officer **HECTOR LOPEZ**'s actions, Plaintiff **SAUCEDA** required biweekly therapy for approximately four months in order to rehabilitate his back.

H:\P\17-5391\Pleadings\6.19.17 1st Amended Petition.wpd                                    Page 3 of  11

## V. Claims

Under Rule 48 of the Texas Rules of Civil Procedure, the following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

**A.      Negligence Under the Texas Tort Claim Act.**

On or about June 20, 2015, Defendant **SAN BENITO** was a municipality in Cameron County, Texas. **SAN BENITO** is a governmental unit as the term is defined under Section 101.001(3) of the Civil Practice & Remedies Code located in the chapter known as the Texas Tort Claims Act ("TTCA").

TTCA provides for a waiver of sovereign immunity at Section 101.021(2) of the Civil Practice & Remedies Code. Section 101.021(2) provides that a governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. **SAN BENITO**, by and through the negligence of its employee Officer **HECTOR LOPEZ**, proximately caused the injury suffered by Plaintiff **SAUCEDA** on or about June 20, 2015. If **SAN BENITO** was a private party, it would be liable to Plaintiff under Texas law.

The negligence demonstrated by Officer **HECTOR LOPEZ** in the use of his police baton exposed **SAN BENITO** to the consequences of the officer's actions. After unlawfully entering **SAUCEDA**'s property, Officer **HECTOR LOPEZ** wound up striking Plaintiff with the baton in the process of attempting to engage him, rendering **SAUCEDA** unconscious and inflicting serious injuries upon him. His negligent use of police equipment - personal property entrusted to him by the State - directly caused these injuries.

Having demonstrated the negligent use of real property by Officer **HECTOR LOPEZ**, an employee of Defendant **SAN BENITO**, caused serious injury to Plaintiff **SAUCEDA**, Plaintiff seeks actual damages, pre and post-judgment interest, costs of court, and any other remedies deemed appropriate by this Court.

**B.    Section 1983 Claim against Lopez**.

**SAUCEDA** commences this action against **LOPEZ** pursuant to 42 U.S.C.A. § 1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of law of any rights, privileges or immunities secured by the United States Constitution and laws.

**CITY OF SAN BENITO, TEXAS** Police Officer **LOPEZ** was acting under color of state law when performing his official duties relating to **SAUCEDA**. **LOPEZ** was in full police uniform. As shown in this Section, **CITY OF SAN BENITO, TEXAS** Police Officer **LOPEZ** misused the power he possessed by virtue of state law and/or was clothed with the authority of state law at the time of the officer's acts.

**SAUCEDA** brings a Section 1983 claim against **LOPEZ** for excessive force. **LOPEZ** violated a "clearly established law" of which a reasonable person would have known. **LOPEZ** violated the Fourth Amendment's prohibition against unreasonable seizures of the person. The excessive force claim has been most properly characterized as one invoking the protections of the Fourth Amendment which guarantee citizens the right "to be secure in their persons ... against unreasonable seizures" of the person. *Graham v. Conner,* 490 U.S. 386 (1989). Thus, the law is clearly established that an unreasonable seizure violates the Fourth Amendment and is grounds

for Section 1983 liability. *Brower v. County of Inyo,* 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). Accordingly, **SAUCEDA** had a clearly established constitutional right to be free of excessive force prior to and during the arrest. **LOPEZ** was aware of **SAUCEDA**'s Fourth Amendment rights. Excessive force was used against **SAUCEDA** in violation of these rights, including beating **SAUCEDA** with a baton causing injury.

**SAUCEDA** brings a Section 1983 claim against **LOPEZ** for unlawful arrest. **LOPEZ** entered **SAUCEDA**'s property without **SAUDEDA**'s permission and unlawfully arrested him.

**LOPEZ** was acting within the scope of his authority as a police officer for the City of San Benito Police Department at the time of the conduct in question. **LOPEZ** violated a "clearly established law" of which a reasonable person would have known. **LOPEZ** violated the Fourth Amendment's prohibition against arrest without probable cause which was clearly established at the time. **LOPEZ** was aware of **SAUCEDA**'s Fourth Amendment rights. An unlawful arrest was made and he was unlawfully detained in violation of these rights.

**SAUCEDA** seeks compensatory damages, punitive damages against **LOPEZ**, individually, and a reasonable attorney's fee as authorized by 42 U.S.C.A. § 1988.

C.      **Municipal Liability Claim**.

**SAUCEDA** contends that **CITY OF SAN BENITO, TEXAS** is liable for the deprivation of **SAUCEDA**'s constitutional rights because the deprivation was pursuant to a governmental custom, policy, ordinance, regulation, and/or decision that was unconstitutional and the deprivation proximately caused **SAUCEDA**'s injury.

Defendant **CITY OF SAN BENITO, TEXAS** breached its duty to provide its police officers with adequate training in reference to domestic calls, arrest, and detention. The grossly

inadequate training resulted from and was caused by Defendant **CITY OF SAN BENITO, TEXAS**'s deliberate indifference to the rights of **SAUCEDA** under the United States Constitution. The grossly inadequate training of their officers is a producing and proximate cause of the violations of **SAUCEDA**'s constitutional rights and damages complained of herein.

Defendant **CITY OF SAN BENITO, TEXAS** breached its duty to provide its police officers with adequate supervision. The grossly inadequate supervision resulted from and was caused by the **CITY OF MISSION, TEXAS**'s deliberate indifference to **SAUCEDA**'s rights to be free from an unreasonable search and seizure or other constitutional violations. The grossly inadequate supervision is a producing and proximate cause of the injuries complained of herein. **SAUCEDA** seeks compensatory damages and a reasonable attorney's fee as authorized by 42 U.S.C.A. § 1988.

**D.      Reservation of Rights**.

Plaintiff **SAUCEDA** reserves the right to bring additional claim(s) or join additional parties as he deems appropriate and/or is warranted by information obtained through discovery and/or investigation.

## VI. <u>Jury Demand</u>

Plaintiff **RICARDO SAUCEDA** demands a trial by jury and has tendered the appropriate fee.

## VII. <u>Requests for Disclosure</u>

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## VIII. <u>Requests for Production of Documents</u>

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, you are requested to produce and permit Plaintiff, Plaintiff's attorney, or anyone acting on Plaintiff's behalf, to inspect, sample, test, photograph and/or copy the herein designated documents or tangible things, within 50 days of service of this request, as follows:

1. The complete personnel file for **CITY OF SAN BENITO, TEXAS** Police Officer Hector Lopez;

2. Any document, record and/or computer generated record related to Plaintiff created in June 2015;

3. The complete personnel files for all police officers who came into contact with Plaintiff on June 20, 2015, including but not limited to pre-employment background investigations, and psychological assessments along with internal affairs investigations of allegations of misconduct against them made by your agency or entity prior to this incident in question;

4. Any and all documents relating to incidences within the last 10 years which involved your police officers purportedly using excessive force, violating another's civil rights and/or abusing their authority;

5. The offense report(s) and any supplemental offense report(s) for the incident of June 20, 2015, made the basis of this lawsuit;

6. Any and all documents that you made or obtained from any person while investigating the incident made the basis of this suit;

7. A copy of the City Charter and/or Home Rule Charter of Defendant **CITY OF SAN BENITO, TEXAS**;

8. A copy of the police log and/or audio recording(s) of the radio calls from your police officer(s) who arrested Plaintiff to your dispatcher on June 20, 2015;

9. A copy of your dispatcher's log for June 20-22, 2015;

10. A copy of any and all videotape(s) and/or photograph(s) of Plaintiff;

11.     A copy of any and all booking card(s) or supplemental booking card(s) related to Plaintiff for the time period of June 20-22, 2015;

12.     A copy of any and all documents related to cell checks performed at the Defendant **CITY OF SAN BENITO, TEXAS** lock up for the period of June 20-22, 2015;

13.     A copy of any and all documents reflecting that Plaintiff's cell was checked, if at all, for the time period of June 20-22, 2015;

14.     Any and all photographs, movies, videotapes, and/or other visual representations which relate to the matters made the basis of this lawsuit;

15.     The entire police investigation file related to the matters made the basis of this lawsuit;

16.     Any and all police manuals and/or police procedure memos in effect in June of 2015;

17.     Any and all documents concerning procedures for handling and caring for detainees of the **CITY OF SAN BENITO, TEXAS** lock up in effect in June 2015;

18.     Any and all medical records and/or other documents relating to Plaintiff's medical condition;

19.     Tape recordings and/or transcripts from any and all calls pertaining to Plaintiff made during the time period of June 20-22, 2015;

20.     Any and all records, notes, memos and/or other documents in your possession, custody and/or control relating to Plaintiff's arrest and criminal history;

21.     Any and all offense reports in your possession related to Plaintiff;

22.     A copy of the General Written Orders book in effect in June 2015;

23.     A copy of the jail log for June 20-22, 2015;

24.     A copy of your personnel manual in effect in June 2015;

25.     A copy of the dispatch logs for June 20-22, 2015; and

26.    Any and all documents concerning any and all internal investigations of the arrest and incarceration of Plaintiff.

## IX. Prayer

**WEHREFORE, PREMISES CONSIDERED**, Plaintiff **RICARDO SAUCEDA** respectfully prays that upon trial of this suit, he recover from Defendants **SAN BENITO, TEXAS** and **HECTOR LOPEZ** actual damages, pre-judgment interest as provided by law, post-judgment interest as provided by law, attorney's fees, costs of court, and such other and further relief against Defendants as he may be justly entitled. **SAUCEDA** seek punitive damages against **LOPEZ**, Individually.

Respectfully submitted,

DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
Telephone No. 956.687.8700
Facsimile No. 956.687.2416
office@daleklein.com

/s/ William D. Mount, Jr.
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
**Attorneys for Plaintiff Ricardo Sauceda**

**Certificate of Service**

I HEREBY CERTIFY that on June 20, 2017, a true and correct copy of the foregoing document has been sent by First Class Mail and Notice of Electronic Delivery to all counsel of record as follows:

Mr. J. Arnold Aguilar
AGUILAR ZABARTE, LLC
990 Marine Drive
Brownsville, Texas 78520

/s/ William D. Mount, Jr.
WILLIAM D. MOUNT, JR.